UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CASE NO. 1:09-CV-00098

**JANICE M. HALL**                                                                                          **PLAINTIFF**

v.

**WARREN COUNTY REGIONAL JAIL, et al.**                                            **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court upon Defendant Kentucky State Police's Motion to Dismiss (Docket #12) and Defendant Warren County Regional Jail's Motion to Dismiss (Docket #14). Plaintiff filed a motion for an extension of time to respond to the two motions to dismiss. The Court granted that motion on December 16, 2009, allowing Plaintiff until January 11, 2010, to file her responses. On January 11, 2010, Plaintiff filed a "Motion for Suspension of Activity." The Court has denied that motion. This matter is now ripe for adjudication. For the following reasons, Defendant Kentucky State Police's Motion to Dismiss is GRANTED, and Defendant Warren County Regional Jail's Motion to Dismiss is GRANTED.

**BACKGROUND**

Plaintiff and her husband, who is not a party to this action, were arrested by Kentucky State Police on July 24, 2008. Plaintiff alleges that she was taken from her bed and forced to leave her oxygen canister at her residence. She further alleges that a warrant was never produced and she was not read her *Miranda* rights. Plaintiff and her husband spent the night at Warren County Regional Jail. Plaintiff alleges that while she was there, Jail personnel failed to provider her with oxygen, ignored her requests to be taken to a medical center, and covered her unclothed body with a 65 pound burlap vest. In addition, Plaintiff was strapped to a restraint chair for roughly three hours. Plaintiff alleges that she became disoriented, pale, and stiff due to

the lack of oxygen and restraints.

Plaintiff filed suit against Warren County Regional Jail and John Doe Defendants on July 24, 2009. On November 3, 2009, Plaintiff filed an amended complaint naming James L. Overfield, Commonwealth of Kentucky Department of Workers' Claims, and Kentucky State Police as Defendants. Plaintiff seeks relief for civil rights violations, filing of a false police report, malicious prosecution, abuse and neglect. Defendants Warren County Regional Jail and Kentucky State Police have now filed separate motions to dismiss.

## STANDARD

"When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the district court must accept all of the allegations in the complaint as true, and construe the complaint liberally in favor of the plaintiff." *Lawrence v. Chancery Court of Tenn.*, 188 F.3d 687, 691 (6th Cir. 1999) (citing *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995)). To survive a Rule 12(b)(6) motion to dismiss, the complaint must include "only enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).

The "[f]actual allegations in the complaint must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.* at 1965 (internal citation and quotation marks omitted). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* A plaintiff must allege sufficient factual allegations to give the defendant fair notice concerning the nature of the claim and the grounds upon which it rests. *Id.* at 1965. Additionally, "the conclusory nature of particular

allegations cannot alone justify dismissing a complaint." *Back v. Hall*, 537 F.3d 552, 558 (6th Cir. 2008) (dismissal not appropriate although one essential element of the claim was pled in a conclusory manner).

## DISCUSSION

### I.  Statute of Limitations

Defendant Warren County Regional Jail (hereinafter "Jail") asserts that Plaintiff's claim is barred by the statute of limitations. The Jail argues that Plaintiff's claims are subject to a one year statute of limitations. Plaintiff's allegations against the Jail consist of civil rights violations under 42 U.S.C. § 1983. While Section 1983 provides a federal cause of action, the Court must look to state law in order to determine the statute of limitations. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). The period of the statute of limitations for a claim under Section 1983 is the same as the statutory period provided for personal injury torts by the state in which the federal court sits. *Id.* In Kentucky, there is a one year period of time during which an individual may bring a personal injury action. Ky. Rev. Stat. Ann. § 413.140. Under Kentucky law, the statute of limitations is computed based on the date of accrual, in other words, the date of the injury to the person. *Caudill v. Arnett*, 481 S.W.2d 668, 669 (Ky. 1972). The time period begins to run on the date of injury to the person regardless of whether the extent of the injury is known. *Id.*

The date of injury in this case is July 24, 2008. In order to be considered timely, Plaintiff must have filed her complaint by July 24, 2009. The Jail alleges that Plaintiff's complaint was not filed until November 3, 2009. However, the docket clearly reveals that Plaintiff's complaint was first filed on July 24, 2009. Her amended complaint was filed on November 3, 2009. The Jail was a named defendant in the original filed complaint. Therefore, this argument has no

merit, and the statute of limitations does not bar Plaintiff's suit against the Jail.

Defendant Kentucky State Police (hereinafter "KSP") also argues that the present action as pertains to KSP is time-barred. In support of this argument, KSP asserts that the claim is based on the events of July 24, 2008. The original complaint was filed on July 24, 2009, against the Jail and John Doe Defendants. KSP was not added as a defendant until Plaintiff filed her amended complaint on November 3, 2009. KSP argues that the statute of limitations for a federal civil rights claim is one year, and Plaintiff failed to bring her action against KSP within that one year time period. KSP asserts that because it was not a named defendant in the first action, the statute of limitations bars any claims against KSP.

The only allegations in Plaintiff's Complaint that apply to KSP are that Plaintiff was not informed of her civil rights or *Miranda* rights, was never shown an arrest warrant, was denied use of her cane, and had to leave her oxygen canister at home. The Court construes these allegations as civil rights violations under 42 U.S.C. § 1983. Thus, a one year statute of limitations is applicable. Plaintiff's original complaint was timely filed. However, Plaintiff's amended complaint filed on November 3, 2009, clearly does not fall within the applicable time period. Therefore, the question is whether the addition of KSP as a party in the amended complaint satisfies the requirements of Federal Rule of Civil Procedure 15, so that the service of process on KSP relates back to the date of filing of the original complaint.

The original complaint names Warren County Regional Jail, John Doe #1, and John Doe #2 as defendants. The amended complaint names KSP, in addition to other parties. Under Rule 15(c), an amended pleading relates back to the date of the filing of the original pleading when:

    (A) the law that provides the applicable statute of limitations allows relation back;
    (B) the amendment asserts a claim or defense that arose out of the conduct,

>transaction, or occurrence set out – or attempted to be set out – in the original pleading; or
>(C)the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>>(i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>>(ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1)(A)-(C). Parts (A) and (B) are inapplicable. Plaintiff's addition of KSP as a party in the amended complaint could only relate back under part (C).

In order to staisfy part (C), the claim asserted in the amended pleading must satisfy part (B). Plaintiff's claims satisfy part (B) because the claims asserted against KSP arise out of the same "conduct, transaction, or occurrence set out . . . in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). Plaintiff also satisfies Rule 4(m), which provides that a party must be served within 120 days of the filing of the original complaint. Fed. R. Civ. P. 4(m). The issue, therefore, is whether KSP received notice and should have known that, but for a mistake in identity, the action would have been brought against KSP. KSP received notice within 120 days of the filing of the original complaint when it was served in November, and there is no evidence of prejudice. However, naming KSP as a new party does not satisfy the mistake in identity requirement. "Sixth Circuit precedent clearly holds that new parties may not be added after the statute of limitations has run, and that such amendments do not satisfy the 'mistaken identity' requirement . . . ." *Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996). In addition, replacing John Doe with KSP does not constitute a mistake in identity. "Substituting a named defendant for a "John Doe" defendant is considered a change in parties, not a mere substitution of parties." *Id.* Therefore,

the amended complaint as to KSP does not relate back, and any claims against KSP are barred by the statute of limitations.

## II.     Immunity

Even if Plaintiff's claims against KSP were not barred by the statute of limitations, her claims would still be barred by sovereign immunity under the Eleventh Amendment.  Under the Eleventh Amendment, a state, its officials, and its employees may be sued in federal court only if the state has consented to suit.  *Seminole Tribe v. Florida*, 517 U.S. 44, 54 (1996); *Puerto Rico Aqueduct and Sewer Authority v. Metcalf and Eddy, Inc.*, 506 U.S. 139, 144 (1993).  The Eleventh Amendment is applicable when a party sues a state's officials or employees for monetary damages regarding their official actions.  *See Doe v. Wigginton*, 21 F.3d 733, 736-37 (6th Cir. 1994).  A suit is therefore barred if the judgment would be satisfied from the state's treasury, making the state the real party in interest.  *Id.*  Moreover, "[s]overeign immunity applies not only to the states themselves, but also to 'state instrumentalities,' " *S.J. v. Hamilton County, Ohio*, 374 F.3d 416, 419 (6th Cir.2004) (quoting *Regents of Univ. of Calif. v.. Doe*, 519 U.S. 425, 429 (1997)).

KSP asserts that it is an arm of the Executive Branch of the Commonwealth of Kentucky, tasked with statewide law enforcement under Chapter 16 of the Kentucky Revised Statutes.  *See* Ky. Rev. Stat. Ann. § 16.060.  KSP's budget is funded by appropriations from the Kentucky General Assembly.  *See* Ky. Rev. Stat. Ann. § 16.050(1).  The Court finds that KSP is an instrumentality of the state and, therefore, entitled to immunity under the Eleventh Amendment.

Defendant Warren County Regional Jail also asserts sovereign immunity as a bar to Plaintiff's claims.  The Jail argues that it is an extension of Warren County, and thus an

extension of the state. "When an individual brings suit against the governing body of a county or one of its municipal departments, the Court must construe the complaint as one brought against the county itself." *Weatherstrand v. Christian County Fiscal Court*, 2009 WL 3807026, *4 (W.D. Ky. 2009) (citing *Smallwood v. Jefferson County Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990)). In *Weatherstrand*, this Court examined Kentucky precedent and found that counties are to be treated as political subdivisions of the state, and are thus entitled to sovereign immunity under the Eleventh Amendment. *Id.* Therefore, Plaintiff's claims against the Jail are also barred by the doctrine of sovereign immunity.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Defendant Kentucky State Police's Motion to Dismiss is GRANTED and Defendant Warren County Regional Jail's Motion to Dismiss is GRANTED. All claims asserted against Warren County Regional Jail and Kentucky State Police are hereby dismissed with prejudice.