# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# BOWLING GREEN DIVISION
# CASE NO. 1:09-CV-00098

**JANICE M. HALL**                                                                                       **PLAINTIFF**

**v.**

**KENTUCKY DEPARTMENT OF**
**WORKERS' CLAIMS, et al.**                                                           **DEFENDANTS**

## MEMORANDUM OPINION

This matter is before the Court upon Defendants Kentucky Department of Workers' Claims, James L. Overfield, Tara Aziz and John Mann's Motion to Dismiss (Docket #23). Plaintiff has not responded. This matter is now ripe for adjudication. For the following reasons, Defendants' Motion is GRANTED.

## BACKGROUND

Plaintiff alleges that on July 21, 2008, she contacted Tara Aziz, workers' compensation specialist with the Commonwealth of Kentucky Department of Workers' Claims to request a wrongful decision form. Plaintiff alleges that Aziz was hostile toward her. Aziz contacted the Hon. James L. Overfield, who had previously decided Plaintiff's workers' compensation claim. Plaintiff's Complaint alleges that Aziz and Overfield filed a fraudulent police report against Plaintiff. This complaint led to the issuance of an arrest warrant on July 23, 2008.

Plaintiff and her husband, who is not a party to this action, were arrested by Kentucky State Police on July 24, 2008. Plaintiff alleges that she was taken from her bed and forced to leave her oxygen canister at her residence. She further alleges that a warrant was never produced and she was not read her *Miranda* rights. Plaintiff and her husband spent the night at Warren County Regional Jail. Plaintiff alleges that while she was there, Jail personnel failed to

provider her with oxygen, ignored her requests to be taken to a medical center, and covered her unclothed body with a 65 pound burlap vest. In addition, Plaintiff was strapped to a restraint chair for roughly three hours. Plaintiff alleges that she became disoriented, pale, and stiff due to the lack of oxygen and restraints.

Plaintiff filed suit against Warren County Regional Jail and John Doe Defendants on July 24, 2009. On November 3, 2009, Plaintiff filed an amended complaint naming James L. Overfield, Commonwealth of Kentucky Department of Workers' Claims, and Kentucky State Police as Defendants. Plaintiff seeks relief for civil rights violations, filing of a false police report, malicious prosecution, abuse and neglect. The Court dismissed Defendants Warren County Regional Jail and Kentucky State Police in its Order dated January 14, 2010. The remaining Defendants have now moved for dismissal.

## STANDARD

"When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the district court must accept all of the allegations in the complaint as true, and construe the complaint liberally in favor of the plaintiff." *Lawrence v. Chancery Court of Tenn.*, 188 F.3d 687, 691 (6th Cir. 1999) (citing *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995)). To survive a Rule 12(b)(6) motion to dismiss, the complaint must include "only enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).

The "[f]actual allegations in the complaint must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.* at 1965 (internal citation and quotation marks omitted). "[A] plaintiff's obligation to provide the

2

grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* A plaintiff must allege sufficient factual allegations to give the defendant fair notice concerning the nature of the claim and the grounds upon which it rests. *Id.* at 1965. Additionally, "the conclusory nature of particular allegations cannot alone justify dismissing a complaint." *Back v. Hall*, 537 F.3d 552, 558 (6th Cir. 2008) (dismissal not appropriate although one essential element of the claim was pled in a conclusory manner).

## DISCUSSION

Two separate injuries allegedly occurred in this case: the filing of a fraudulent police report which occurred sometime prior to the issuance of the arrest warrant on July 23, 2008, and the subsequent mistreatment of Plaintiff on July 24, 2008. As the Court noted in its January 14, 2010 Order, the statute of limitations period for Plaintiff's claims is one year. *See* Ky. Rev. Stat. Ann. 413.140(1); *Wallace v. Kato*, 549 U.S. 384, 387 (2007). All of the allegations against the remaining Defendants in this case stem from the filing of the fraudulent police report. Therefore, in order to be considered timely, Plaintiff must have filed her complaint by July 23, 2009. Plaintiff's original complaint was filed on July 24, 2009. Plaintiff's complaint was untimely.

Even if the complaint was timely filed, the original complaint did not contain those allegations asserted against the remaining Defendants, nor did it name them as parties to the action. The original complaint was filed on July 24, 2009, against the Warren County Regional Jail and John Doe Defendants. Kentucky Department of Workers' Claims and its employees and agents were not added as defendants until Plaintiff filed her amended complaint on November 3, 2009. The Court finds that the addition of remaining Defendants in the amended complaint does

3

not satisfy the requirements of Federal Rule of Civil Procedure 15.

Under Rule 15(c), an amended pleading relates back to the date of the filing of the original pleading when:

> (A) the law that provides the applicable statute of limitations allows relation back;
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading; or
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
> > (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
> > (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1)(A)-(C). Plaintiff's addition of Defendants as parties in the amended complaint could only relate back under part (C). However, naming the remaining Defendants as new parties does not satisfy the mistake in identity requirement. "Sixth Circuit precedent clearly holds that new parties may not be added after the statute of limitations has run, and that such amendments do not satisfy the 'mistaken identity' requirement . . . ." *Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996). In addition, replacing "John Doe" with the remaining Defendants does not constitute a mistake in identity. "Substituting a named defendant for a "John Doe" defendant is considered a change in parties, not a mere substitution of parties." *Id.* Therefore, the amended complaint does not relate back, and any claims against the remaining Defendants are barred by the statute of limitations.

## CONCLUSION

For the foregoing reasons, Defendants Kentucky Department of Workers' Claims, James L. Overfield, Tara Aziz and John Mann's Motion to Dismiss is GRANTED.

An appropriate order shall issue.